IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,              No CR 93-0438 VRW

        Plaintiff,                     ORDER

    v

KEVIN PAUL WOODRUFF,

        Defendant.
                                   /
```

        Pro se defendant Kevin Paul Woodruff filed a motion for "Action Pursuant to Amendment I of the Constitution of the United States of America (1789) 'Right to Petition Government for Redress of Grievances' Judicial Notice Demanded Rules of Evidence §§ 201(d), 901 (7) and 902 (2)(4) re: Supplemental Rule E(4)(f)." Docs ## 409, 420, 422, 423. The court ordered defendant to clarify the factual basis for the motion, to which defendant replied. Docs ## 424, 426.

        Since then, defendant has filed: a request for more time to respond to the order for clarification (Doc # 427); a request for "Entry of Default, re: Supplemental Rule E(4)(f) Filed July 31, 2006, and re; Writ, pursuant to Art I, Section 9 of the Constitution," [sic] (Doc # 428); an affidavit in support of request for default (Doc # 429); a request for hearing transcripts (Doc #

430); a request to proceed in forma pauperis in lieu of paying a $455 appeal docketing fee (Doc # 431); an advisory notice regarding error in transmitting court documents (Doc # 433); a request for a stay of his restitution payment responsibilities pending his transfer back into the general prison population (Doc # 434); a petition for a writ of audita querela (Doc # 435); an affidavit to support his motion for action pursuant to the Constitution (Doc # 436); a request for an order to compel the filing of his affidavit (Doc # 437); several notices for changes of address (Docs ## 438, 439, 440); and has even presented an invoice to the undersigned judge demanding $24 million dollars for "debt due and owed for" damages to defendant's property interests (Doc # 441). The latest correspondence from defendant was a counterfeit check for the amount of $632,000, together with a letter explaining that the check was for the restitution defendant owed as part of his sentence. Doc # 442. The letter also contained instructions that any "overdraft" balance be forwarded to an address in San Leandro, California. Id.

The court construes only the documents at docket ## 426, 428, 429, 430, 431, 434, 435, 436, 441, and 442 as warranting a response by the court and addresses each of these items in turn. Defendant's request for additional time (Doc # 427) is DENIED as moot. Defendant's remaining filings do not warrant response.

First, defendant's purported clarification of the motion filed for action under Amendment I of the Constitution neither raises any viable issues nor asserts a valid legal claim. Defendant's statements that "[t]he state holds title to all legal persons Juristic person the state creates via birth certificate" (Doc # 426 at 2) is completely nonsensical and unfounded.

2

Similarly, defendant's assertion that the governors of "several 48 states pledge[d] their respective citizens labor, faith and credit to aid the national debt of United States" and formed an "International Admiralty Maritime Contract" with the United States is, at best, fanciful and a mere product of defendant's imagination. Defendant repeatedly cites the Uniform Commercial Code as a governing authority in this matter.  The Uniform Commercial Code, however, pertains to commercial transactions governed by state law and has no bearing on defendant's federal court sentence for a criminal act.  The "clarification" fails to advance any claims. Therefore, the motion (Docs ## 409, 420, 422, 423) is DENIED.

Second, defendant filed a request for entry of default against the United States "in bankruptcy" for "failure to plead or otherwise defend and fail[ure] to dispute factual allegations," inexplicably citing 28 USC § 3002, which governs actions by the federal government to collect debts owed to the United States.  Doc # 428 at 1.  In the subsequent affidavit, defendant alleges that the United States "has failed to plead or otherwise defend, rebut, and has completely abandon the claims."  Doc # 429 at 2.  Defendant argues that the government should be held in default for failure to plead or rebut the claims outlined in defendant's petition for "Redress of Grievances Art I Sec 9 of the Constitution's Commonly Known as the 'Great Writ'" [sic] Id.  Again, the court sees no legal or factual basis for this statement. Defendant fails to explain why a bankruptcy proceeding would even be warranted in this case.  Any further amendment or clarification would be futile; the court DENIES defendant's request for entry of default against the United States. \\

3

Defendant's request to proceed in forma pauperis in lieu of paying the $455 appeal docketing fee for his appeal of this court's order dismissing defendant's successive § 2255 motion with prejudice (Docs # 417, 419, 420) is DENIED for failure to comply with Federal Rule of Appellate Procedure 24. Rule 24(a)(1) states that the party must file a motion in the district court along with an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." FRAP Rule 24. In forma pauperis status, even if granted, will not exempt defendant from paying the filing fee; rather, it will allow him to pay the fee from his account over time in accordance with 28 USC § 1915(b). Defendant is instructed to complete and file either this court's Prisoner's Application to Proceed In Forma Pauperis, or Form 4 of the Appendix of Forms in the Federal Rules of Appellate Procedure if he wishes to proceed with this request.

As regards the request for six hearing transcripts, defendant may not request transcripts at the government's expense without first applying for and obtaining in forma pauperis status. Then, defendant may request the production of transcripts at government expense pursuant to 28 USC § 753(f). In proceedings brought under 28 USC § 2255, in forma pauperis status entitles defendant to transcripts at government expense only if the district court or appellate court certifies that the appeal is not frivolous and that the transcripts are needed for the appeal.

\\

Third, defendant's request to stay his obligation to pay restitution on the grounds that he was denied access to a work-program by the warden at the United States Penitentiary in Lewisburg, Pennsylvania (Doc # 434 at 1) cannot be adjudicated by this court. Issues pertaining to the manner in which a defendant's sentence is executed may not be presented to the sentencing court. United States v Giddings, 740 F2d 770, 771 (9th Cir 1984). Rather, such complaints must be brought by means of a petition for writ of habeas corpus under 28 USC § 2241 in the federal judicial district in which defendant is serving his sentence. Id at 771-72. Subsequent filings by defendant show that he was transferred to the United States Penitentiary in Beaumont, Texas. Doc # 440. Defendant did not assert that he was being denied access to a work program at the new facility. If defendant has similar complaints or problems at the Texas facility, he should seek relief by means of a petition under 28 USC § 2241 to the United States District Court for the Eastern District of Texas, Beaumont Divisional Clerk's Office, 300 Willow Street, Suite 104, Beaumont, Texas 77701.

With respect to the petition for writ of audita querela, defendant offers Carrington v United States, 470 F3d 920 (9th Cir 2006) to support his cause. Doc # 435 at 2. Audita querela is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued. Id at 923 n1. In criminal cases, a writ of audita querela is available where there is a legal * * * objection to a conviction that has arisen subsequent to the conviction and is not redressable pursuant to another post-conviction remedy. 7 AmJur 2d Audita Querela § 4 (2007). However,

5

a writ of audita querela is not an available remedy where the claims would be cognizable in a § 2255 petition. <u>Carrington</u>, 470 F3d at 923. Here, because the matter pertains to defendant's sentence, it would be cognizable under 28 USC § 2255. Defendant has already filed a § 2255 petition, which was denied, and attempted unsuccessfully to file several others. Docs ## 315, 382, 390, 417. He has already had his "day in court" regarding his sentence, and this petition is a creative, but futile, attempt at an end run around § 2255's strict limits on second or successive petitions. As such, the petition is DISMISSED.

Even if the claims asserted by defendant were not cognizable in a habeas petition, this petition for writ of audita querela would lack merit. Defendant contends that extraordinary circumstances exist in this case to justify a recall of the mandate. In <u>Carrington</u>, the defendant pled guilty to conspiracy to distribute 500 grams or more of cocaine. <u>Carrington</u>, 470 F3d at 921. During sentencing, the district judge expressed frustration at not having the flexibility to choose what he felt to be an appropriate sentence. Id. After the sentencing hearing, the district judge wrote a letter to the Ninth Circuit asking for an opportunity to resentence the defendant. Id at 925. The court of appeals recalled the mandate, in part because of the district court judge's "impassioned plea" asking for an opportunity to resentence. Id. Unlike <u>Carrington</u>, nothing occurred in this case to warrant a recall of the mandate or a reconsideration of the sentence.

Fourth, defendant advances no coherent or rational claims in his "Affidavit of Truth in Support of 'Great Writ of (1789)' Right to Petition Government for Redress of Grievances" Under

6

United States District Court
For the Northern District of California

Constitution Amendment I Article 9" (Doc #436) to support his request for "Action Pursuant to Amendment I of the Constitution of the United States of America (1789) 'Right to Petition Government for Redress of Grievances' Judicial Notice Demanded Rules of Evidence §§ 201(d), 901 (7) and 902 (2)(4) re: Supplemental Rule E(4)(f)" (Docs ## 422, 423).  Defendant alludes to wrongdoing by the courts and by the government and, inexplicably, states that the United States District Courts have jurisdiction over "primary civil, admiralty, maritime, patent, bankruptcy etc, but not criminal" [sic] cases.  Doc # 436 at 3.  Defendant also asserts again his theory that all United States citizens are actually the property of the government and that the birth certificates of United States citizens are actually title deeds.  Id at 6.  Such statements are groundless and wholly without merit.

       Fifth, the defendant's bizarre "invoice" to the court for $24 million dollars for alleged damage or harm to his property interests (Doc # 441) does not articulate any cognizable claim and is barred by judicial immunity.  A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and * * * a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.  See Moore v Brewster, 96 F3d 1240, 1243 (9th Cir 1996); Mullis v United States Bankruptcy Court, 828 F2d 1385, 1394 (9th Cir 1987) (applying judicial immunity to actions under Bivens), cert denied, 486 US 1040 (1988).

       Sixth, defendant submitted to the court a bogus check for the amount of $632,000 purporting to be drawn on the United States Treasury, along with a letter explaining that the check was for the

7

"full payment" of the debt owed by defendant.  Doc # 442.  Defendant is reminded that creating and mailing a counterfeit check can constitute mail fraud, a felony under federal law which could result in further criminal liability.  28 USC § 1341.

Having exhausted all viable avenues for relief, defendant, it appears, has resorted to creative measures in an attempt to reduce his sentence and avoid paying restitution.  The court reminds defendant, however, that he has had his due process and that the court cannot and will not tolerate excessive and groundless correspondence.

For the reasons stated above, the court now orders as follows:

1) Defendant's petition for "Action Pursuant to Amendment I of the Constitution of the United States of America (1789) 'Right to Petition Government for Redress of Grievances' Judicial Notice Demanded Rules of Evidence §§ 201(d), 901 (7) and 902 (2)(4) re: Supplemental Rule E(4)(f)" (Docs ## 409, 420, 422, 423) is DENIED;

2)  The request to proceed in forma pauperis is DENIED without prejudice.  The clerk is directed to send defendant an application to proceed in forma pauperis together with a copy of this order as a courtesy to defendant should defendant choose to proceed with his appeal;

3)  The request for entry of default against the United States government (Doc # 428) is DENIED;

4)  The petition for a writ of audita querela (Doc # 435) is DISMISSED;

\\

\\

8

        5)   The motion for additional time (Doc # 427) is DENIED as moot; and the clerk is directed to terminate the motion at docket # 427.

        IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge