IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | No | CR 93-0438 VRW |
| Plaintiff, | | ORDER |
| v | | |
| KEVIN PAUL WOODRUFF, | | |
| Defendant. | | |

Kevin Paul Woodruff ("defendant") committed robbery of three jewelry stores and attempted robbery of another jewelry store in March of 1991.  United States v Woodruff, 50 F3d 673, 675-76 (9th Cir 1995).  Defendant was convicted of four counts of "interference with commerce by threats or violence" in violation of the Hobbs Act, 18 USC §1951(a).  Doc #289.  The three jewelry stores which defendant successfully robbed suffered financial losses from the robbery and were forced to close to replenish their inventories or repair damage.  United States v Woodruff, 1999 WL 776213, *1 (Sept 29, 1999, 9th Cir).  At the sentencing hearing, the court relied on the pre-sentence report which indicated damage

to the three jewelry stores in the total amount of $625,000.  Doc #301 at 37.  The pre-sentence report did not reflect the dollar amount of damage to Sam Bloch, the fourth jewelry store.  Doc #301 at 37.  The court therefore ordered restitution of $625,000 on July 14, 1998, without taking into account the potential damage to Sam Bloch.  Doc #301 at 37.

Defendant filed a "motion to vacate and/or set aside court ordered restitution" on December 7, 2007.  Doc #459.  Defendant argues that the court's restitution order must be set aside because the court failed to consider factors such as defendant's ability to pay before the imposition of the restitution order.  Doc #459 at 2.  Specifically, defendant asserts that the restitution judgment is inconsistent with his alleged status as an "indigent."  Doc #459 at 2.

For the reasons that follow, this court DISMISSES defendant's motion to vacate and/or set aside the restitution order for a lack of jurisdiction.

The court first must address the threshold issue of whether it has jurisdiction.  <u>United States v Morales</u>, 328 F3d 1202, 1204 (9th Cir 2003).  Federal courts are courts of limited jurisdiction.  <u>United States v Jacobo Castillo</u>, 496 F3d 947, 951 (9th Cir 2007).  Apart from the narrow circumstances prescribed by statute or Rule 35, a district court lacks the authority to alter a sentence.  <u>United States v Barragan-Mendoza</u>, 174 F3d 1024, 1028 (9th Cir 1999)(citing 18 USC §3582(c)(1)(B)).  Defendant acknowledges (Doc #459 at 3) and the court agrees that complaints concerning the restitution order cannot be addressed in a §2255 proceeding.  See <u>United States v Thiele</u>, 314 F3d 399, 401 (9th Cir

2

2002).

Similarly under Rule 35, this court lacks jurisdiction to correct or reduce defendant's sentence.  The former Rule 35 permitted a defendant to make a motion to correct an illegal sentence at any time.  See <u>United States v Youpee</u>, 836 F2d 1181, 1182 (9th Cir 1988)(construing the defendant's motion to vacate the restitution order on the basis that a district court failed to consider the defendant's earning ability as a motion to correct a sentence under Rule 35(a)).  The current Rule 35, which applies to crimes committed after November 1, 1987, however, provides that a district court may alter a sentence only in the following circumstances: (1) if "an arithmetical, technical, or other clear error" occurred during the imposition of the sentence and the court redressed it within seven days of the imposition, (FRCrP 35(a)), or (2) after a defendant has given post-sentence cooperation and assistance in the investigation or prosecution of another person, and the government has made a motion to reduce the defendant's sentence (FRCrP 35(b)).

This case does not fall under either of the circumstances envisioned in Rule 35 for a proper exercise of jurisdiction.  Post-sentence assistance is not at issue here.  The seven-day window after defendant's sentencing closed more than nine years before defendant filed this motion.  See <u>Morales</u>, 328 F3d at 1204 (holding that after seven days of sentencing, the district court loses jurisdiction to correct the sentence); <u>United States v Chan</u>, 2007 WL 2949552, *2 (ND Cal, Oct 10, 2007)(holding that the court could not reduce the defendant's restitution judgment after seven days of sentencing).  Defendant also does not argue that the restitution

order was due to an arithmetic or technical error.  Consequently, under Rule 35 the court lacks jurisdiction to revisit defendant's restitution judgment.

The statutory basis for jurisdiction to reconsider a restitution judgment is also inapplicable in this case.  Defendant errs in asserting that 18 USC §3572(a)(1), which enumerates factors to be considered in the imposition of a fine, grants this court jurisdiction.  Doc #459 at 1.  Other than Rule 35, a district court may alter the sentence after an appellate court remands and directs the district court to reconsider or recalculate the sentence.  18 USC §3742; United States v Henrique, 988 F2d 85, 86 (9th Cir 1993)(holding that the version of Rule 35 applicable to crimes committed after November 1, 1987, permits a district court to correct a sentence only on remand from the appellate court).  Defendant did not timely appeal this issue and no remand on the restitution judgment has occurred.  Woodruff, 198 F3d 256 (affirming this court's judgment on defendant's appeal from his conviction and sentence for interference with commerce by means of a robbery in violation of the Hobbs Act).

In any event, defendant's motion is without merit.  Under the Victim and Witness Protection Act ("VWPA"), 18 USC §3663, the court may order restitution to crime victims.  United States v Lawrence, 189 F3d 838, 846 (9th Cir 1999).  In determining the amount of restitution, the district court is required to consider (1) the amount of loss sustained by the victim; (2) the financial resources of the defendant, and (3) the financial needs and earnings of the defendant and the defendant's dependents.  18 USC §3664(a); United States v Sablan, 92 F3d 865, 870-71 (9th Cir

4

1996).

VWPA does not require the district court to make factual findings to support its conclusion, United States v Cannizzaro, 871 F2d 809, 811 (9th Cir 1989), or to discuss the factors of section 3664 on the record. United States v Grewal, 825 F2d 220, 223 (9th Cir 1987). In order to meet the statutory requirement, the record need only reflect that the district court judge had at his disposal information bearing on the considerations of section 3664. Cannizzaro, 871 F2d at 811. A district court's reference to a pre-sentence report which contains information concerning a defendant's financial resources provides a sufficient basis for concluding that the court fulfilled its responsibilities under section 3664. Cannizzaro, 871 F2d at 812. In this case, the court not only made specific reference to but relied on the pre-sentence report which included information regarding defendant's financial resources. Doc #301 at 36-37. Consequently, in reaching the restitution amount on the basis of the pre-sentence report, the court discharged its responsibilities under section 3664.

Defendant argues that the order was inconsistent with his status as an indigent. Doc #459 at 2. This is incorrect. A defendant's present indigence is not sufficient to preclude a restitution order. United States v Smith, 944 F2d 618, 623 (9th Cir 1991). Imposing restitution on indigent persons is deemed appropriate in the Ninth Circuit "because the defendant's future financial status is indeterminable and could change." Sablan, 92 F3d at 871 (citing United States v Jackson, 982 F2d 1279, 1284 (9th Cir 1992)).

Defendant also argues that the court erred in failing to

5

conduct a hearing. Doc #459 at 3. To the contrary, VWPA does not require the sentencing court to conduct a hearing on the issue of restitution. United States v Rice, 38 F3d 1536, 1546 (9th Cir 1994). Congress did not intend VWPA to transform a sentencing hearing to a "second trial" on the issue of restitution. Rice, 38 F3d at 1546; United States v Cloud, 872 F2d 846, 855 n 11 (9th Cir 1989). Rather, the relevant inquiry is whether a defendant was given notice and due process or an opportunity to speak on the issue of restitution. Rice, 38 F3d at 1546. In United States v Keith, the Ninth Circuit held that the district court provided the required notice and due process because the defendant and his counsel were given an opportunity to speak or to comment on the pre-sentence report. 754 F2d 1388, 1393 (9th Cir 1985). Similarly here, the court provided defendant with notice and due process when it asked if there was anything to add at the sentencing hearing. Doc #301 at 37. Defendant failed to object to the restitution order or to comment on the accuracy of the pre-sentence report.

In light of the court's decision above, defendant's motion to vacate and/or set aside the court-ordered restitution portion of the judgment is HEREBY DISMISSED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge